**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
ERICKSON RETIREMENT                 :   CIVIL ACTION NO. 10-1353 (MLC)
COMMUNITIES LLC, et al.,            :
                                    :
      Plaintiffs,                   :        O P I N I O N
                                    :
      v.                            :
                                    :
SCHOOR DEPALMA, INC., et al.,       :
                                    :
      Defendants.                   :
                                    :
```

**THE PLAINTIFFS** brought this action on March 15, 2010, to recover damages for breach of contract, and assert jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.; dkt. entry no. 3, Am. Compl.)  The Court will <u>sua</u> <u>sponte</u> dismiss the Amended Complaint without prejudice.  <u>See</u> Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** properly allege that the defendants are deemed to be New Jersey citizens.  (<u>See</u> Am. Compl. at 2.)  But the plaintiffs fail to properly allege their own nature of ownership and citizenship.  The plaintiffs allege that they are Maryland corporations with their principal places if business in Maryland, and thus are deemed to be Maryland citizens.  (Am. Compl. at 1-2.)  However, each plaintiff is a limited liability company.  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their

principal places of business.  <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 418-20 (3d Cir. 2010).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship.  <u>Id.</u> at 420.  The citizenship of each member must be specifically alleged.  <u>See</u> <u>S. Freedman & Co. v. Raab</u>, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); <u>Vail v. Doe</u>, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. <u>See</u> 28 U.S.C. § 1332(a)(1); <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Amended Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see <u>Jaworowski v. Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007); <u>Galligan v. Westfield Ctr. Serv., Inc.</u>, 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with

documentation properly demonstrating the citizenship of each plaintiff.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing".  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Thus, the plaintiffs must properly demonstrate (1) the citizenship of each plaintiff as it existed specifically on March 15, 2009, i.e., list and analyze each member within each plaintiff, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of the structure of each plaintiff, and (2) that there is jurisdiction under Section 1332.  The Court advises the plaintiffs that they must specifically assert citizenship as it existed on March 15, 2010.

**THE COURT** cautioning the plaintiffs — if they opt to move to reopen — against restating the allegations from the Amended Complaint.  The Court advises the plaintiffs that an allegation as to where any member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).  The Court

advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as the plaintiff should have ascertained jurisdiction before choosing to bring an action in federal court.  See Freedman, 180 Fed.Appx. at 320.  As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** further advises the plaintiffs — if they opt to move to reopen — to refrain from asserting confidentiality for any membership layer.  See Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from the judiciary); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

**THE COURT** will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  March 26, 2009